IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WENDI COLMONE, | CV. 06-1790-AS |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| CITY OF PORTLAND, PORTLAND FIRE AND RESCUE BUREAU, | |
| Defendant. | |

ASHMANSKAS, Magistrate Judge:

Defendant, the City of Portland (the "City"), moves to dismiss the complaint filed by plaintiff Wendi Colmone ("Plaintiff"). The City contends that the Portland Fire Bureau (the "Bureau") is an improper defendant. In addition, the City asserts that the complaint must be dismissed for lack of jurisdiction based on Plaintiff's failure to file the complaint in a timely manner and to exhaust her administrative remedies, as well as her failure to allege a valid claim for violation of her equal protection rights. For the reasons set forth below, the City's motion should be denied in part and granted in part.

Background

Plaintiff is an employee of the Portland Fire and Rescue Board and is the only female working in the Fire Bureau Boat Program. On April 22, 2005, Plaintiff filed a complaint with the Oregon Bureau of Labor and Industries ("BOLI") asserting claims of gender discrimination and retaliation (the "First Complaint"). Pursuant to a work-sharing agreement, BOLI forwarded the complaint to the Equal Employment Opportunity Commission, the federal counterpart of BOLI.

In the First Complaint, Plaintiff alleged that she was required to pass more extensive and difficult engineer certification exams than her male co-workers, that a male candidate whom she had trained was given a permanent engineer position over Plaintiff, and that, when she received the second best score on the Harbor Pilot examination, the examination was invalidated. Shortly after Plaintiff complained to the human resources department that she believed the invalidation of the examination was motivated by gender discrimination, she was demoted to deckhand and a male co-worker was given her job as acting engineer. Plaintiff also complained that she was subjected to demeaning comments by her male co-workers, both before and after the Harbor Pilot examination. After the examination, one of Plaintiff's co-workers commented that "they can't stand the though of being beat by a girl" and "they're going to be upset about having a woman as a boat pilot." Johnston Affidavit, Exhibit 1 at 2.

On September 16, 2005, BOLI issued a right-to-sue letter because "the Complainant informed us of intention to go to court." Johnston Affidavit, Exhibit 2 at 1. The investigator indicated that the investigation was substantially complete and noted that:

> During the investigation, it became clear that Complainant had been subjected to an ongoing pattern of discrimination and retaliation after the Harbor Pilot exam and her opposition to the results being invalidated. Many of the pertinent facts were not included in the present complaint, so Complainant determined to submit a revised

complaint and withdraw the present complaint. Based on the information received, it appears that Complainant may be able to show retaliation and discriminatory transfer/demotion but not discrimination with regard to vacating the results of the Harbor Pilot exam.

Johnston Affidavit, Exhibit 2 at 2.

Plaintiff filed a second complaint with BOLI on September 15, 2005 (the Second Complaint"), alleging:

unlawful employment practices on the basis of my sex (female) in that Respondent subjected me to different terms and conditions of employment including holding me to a higher standard than similarly situated male employees, denying me training, demoting me, and permitting coworkers to ignore and demean me.

Johnston Affidavit, Exhibit 3 at 1. Plaintiff added detailed facts with regard to her discrimination and retaliation claims and included activity which had occurred since the filing of the First Complaint. She alleged that she had been transferred to a new station, where she was treated even worse. The pilot she worked with refused to check her off on the boat for 6-9 months, would not look her in the eye and refused to give her any direction. The rescheduling of the Harbor Pilot examination was announced during Plaintiff's annual four-week vacation and she was able to sign up for the test only because someone unrelated to the boat program called her. She was not able to practice for the exam due to her vacation and inability to gain access to the boats. Upon her return from vacation, Plaintiff was granted a transfer into the traveling pool. Her request for on-call or vacation coverage shifts on the boats had not been complied with as of the date of the Second Complaint, which prevented her from practicing in preparation for the Harbor Pilot examination.

BOLI issued a right-to-sue letter for the Second Complaint on September 15, 2006, advising Plaintiff of her right to file a civil action in state court within 90 days of the date of the letter. The EEOC issued it own right-to-sue letter with regard to the Second Complaint on October 13, 2006,

advising Plaintiff of her right to file a federal action within 90 days of her receipt of the notice. The EEOC notice bears an October 23, 2006, receipt stamp for the law offices of Sue-Del McCulloch, Plaintiff's attorney.

Plaintiff filed this action on December 14, 2006. The complaint, which has been amended twice, asserts claims for discrimination, retaliation, harassment and equal protection violations of various federal statutes.

## Legal Standard

A motion to dismiss will be denied unless it appears that the plaintiff can prove no set of facts upon which relief could be granted. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1435 (9th Cir. 1986). All material allegations in the complaint must be taken as true and construed in the light most favorable to plaintiff. NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'" and "to documents crucial to the plaintiff's claims, but not explicitly incorporated in his complaint." Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998)(quoting Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002)).

## Discussion

**Bureau as a Defendant**

The City asserts that the Bureau is not a proper defendant and should be dismissed. Plaintiff concedes this issue and offers to amend her complaint to clarify that the City is the sole defendant. The Bureau should be dismissed and Plaintiff directed to amend her complaint to eliminate any reference to the Bureau as a defendant, including removing the Bureau from the caption.

**Title VII Claims**

The City moves to dismiss Plaintiff's Title VII claims for gender discrimination and retaliation arguing that Plaintiff did not file a lawsuit within 90 days of receiving a right-to-sue letter from the EEOC with regard to the First Complaint. Plaintiff has now filed a right-to-sue letter issued by the EEOC on April 27, 2007, and received by Plaintiff on May 4, 2007. Based on this letter, the City concedes that Plaintiff has filed her Title VII claims in a timely manner and that its motion to dismiss these claims should be denied.

**Sexual Harassment-Hostile Work Environment Claim**

The City argues that the court does not have jurisdiction over Plaintiff's sexual harassment-hostile work environment claim because she failed to raise that claim in her Second Complaint. In order to establish federal subject matter jurisdiction over an employment discrimination claim, a plaintiff must have raised the claim or a "like and reasonably related" claim before the EEOC. See Yamaguchi v. United States Dep't of the Air Force, 109 F.3d 1475, 1480 (9th Cir. 1997). Thus, a district court has jurisdiction over a claim if that claim fell within the scope of the EEOC's actual investigation or an EEOC investigation which could reasonably be expected to grow out of the charge of discrimination. Freeman v. Oakland Unified School Dist., 291 F.3d 632, 636-37 (9th Cir. 2002). The court is required to construe the language of the underlying complaint with "utmost

liberality since they are made by those unscheduled in the technicalities of formal pleading." B.K.B. v. Maui Police Department, 276 F.3d 1091, 1100 (9th Cir. 2002)(quoting Kaplan v. Int'l Alliance of Theatrical and Stage Employees, 525 F.2d 1354, 1359 (9th Cir. 1975).

Plaintiff argues, and the Second Complaint reveals, that Plaintiff alleged numerous derogatory comments addressed to her by her male co-workers. In her opening paragraph, she alleges "unlawful employment practices on the basis of my sex (female) in that respondent subjected me to different terms and conditions of employment including * * * permitting coworkers to ignore and demean me." Johnston Affidavit, Exhibit 3 at 1. She also alleged that she was the only female working in the Fire Bureau Boat Program and that she "was subjected to adverse terms and employment due to gender discrimination by my coworkers and supervisors in the Boat Program." Id. at 2. Additionally, Plaintiff alleges that a co-worker considered the derogatory comments made after the Harbor Pilot examination to be based on Plaintiff's gender.

In B.K.B v. Maui Police Department, the plaintiff filed a charge of discrimination with th Hawaii Civil Rights Commission checking boxes for discrimination and harassment based on race, color and sex. She alleged that she was being subjected to harassment because of her race and in retaliation for opposing discriminatory harassment. B.K.B., 276 F.3d at 1095. Plaintiff provided very little in supporting facts for the harassment claim in her charge, but did allege in her pre-complaint questionnaire[1] that she was referred to as "fucking Haole," given the finger and "iced out" Id. at 1101. The court held that:

Although it is a close question, we conclude that, in light of the information in the

---

[1] For reasons not relevant to this action, the court considered the allegations made in plaintiff's pre-complaint questionnaire in determining whether she had asserted a sexual harassment claim before the EEOC.

Page -6- FINDINGS AND RECOMMENDATION                                                    {SIB}

>  pre-complaint questionnaire, the fact that Plaintiff checked the boxes indicating a charge of sexual harassment, and the declaration of Karl Sakamoto,[2] we should read the term "harassment" broadly where it appears in the factual allegations of Plaintiff's discrimination charge. We must keep in mind that complainants filing discrimination charges are acting as laypersons and should not be held to the higher standard of legal pleading by which we would review a civil complaint. Though not as artfully as we might wish, Plaintiff was complaining about racial and sexual harassment in her charge. We therefore hold that her Title VII sexual harassment was properly exhausted.

Id. at 1103 (citations omitted).

The Second Complaint includes allegations of specific examples of harassing behavior by Plaintiff's male coworkers. For example, Plaintiff alleges "it was made clear to her that she was not wanted in the Boat Program." Johnston Affidavit, Exhibit 3 at 2. Additionally, after the results of the Harbor Pilot examination were posted, comments were made to the effect that "it was not possible for Wendi to have passed this test" and "if you could pass the test it just proves the test was flawed." Id. Finally, Plaintiff alleges that "other than these derogatory comments, for the most part my coworkers did not speak to me after the announcement of the test rankings: when I entered a room, it would become quiet." Id.

The City acknowledges these allegations and is willing, for the purposes of this motion, to concede that they raise an issue of hostile environment. The City then argues that there is nothing in the Second Complaint to tie the harassment to Plaintiff's sex. The court disagrees. While Plaintiff does not state that she was alleging a sexual harassment claim by checking a box or including it in her caption, she does allege in her opening paragraph that her coworkers ignored and demeaned her on the basis of her sex. This is sufficient to put the EEOC on notice that Plaintiff is complaining

---

[2] Mr. Sakamoto indicated in his declaration that the right-to-sue letter issued to plaintiff "was intended by the agency to afford her the right to pursue claims of sexual as well as racial harassment." Id. at 1102.

about being harassed because she was a women.

The City also argues that the offensive conduct must be of a "sexual nature" to support a claim for sexual harassment. This is inconsistent with the holding in B.K.B. in which the Ninth Circuit held that referring to a woman as fucking Haole, giving her the finger and icing her out supported a claim for sexual harassment despite the fact that none of this conduct was sexual in nature. Clearly, the Haole comment referred to the plaintiff's race (Caucasian) not her gender and there is nothing in giving someone the finger or icing them out that is specifically related to the individual gender.

The Second Complaint contains allegations of harassing behavior and connects this behavior to Plaintiff's status as the only female employee of the Fire Bureau Boat Program. The court finds that the conduct alleged by Plaintiff is more severe and more closely related to her gender than those alleged by the plaintiff in B.K.B., which the Ninth Circuit found to have sufficiently alleged a sexual harassment claim. In light of the Ninth Circuit holding in B.K.B., the court finds that Plaintiff alleged a sexual harassment-hostile environment claim in her Second Complaint and is entitled to pursue her Third Claim for Relief for sexual harassment-hostile work environment in this court.[3]

**Section 1983 Claim**

The City construes Plaintiff's Fourth Claim for Relief under 42 U.S.C. §1983 as a procedural due process claim and moves to dismiss arguing that it was not timely filed, Plaintiff does not have

---

[3] It appears that Plaintiff was conferring with an attorney at the time she filed both her complaints. However, there is no evidence that anyone other than Plaintiff prepared and filed the complaints. Accordingly, the court must view the allegations of the Second Complaint with the utmost liberality. However, the court is of the opinion that the allegations are sufficient even under the higher standard applied to legal counsel.

a property right in her Harbor Pilot examination results, and Plaintiff was afforded adequate due process through the Civil Service Board. Based on Plaintiff's representation that she is asserting an equal protection claim and not a procedural due process claim in her Fourth Claim for Relief, the City has withdrawn the latter two arguments and relies solely on its timeliness argument.

Plaintiff alleges that the City violated her equal protection rights by "invalidating the results of the 2004 Harbor Pilot's recruitment exam, based on complaints that were filed to prevent Plaintiff from becoming a fire boat pilot, because she is a female." Second Amended Complaint at 12. Plaintiff was notified of the decision to invalidate the 2004 Harbor Pilot examination on October 29, 2004. Id. at 4  She filed this action on December 14, 2006.

Section 1983 actions are governed by the forum state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985). Thus, Oregon's two-year statute of limitations for personal injury actions, O.R.S. 12.110(1), applies to plaintiff's claims in this case. Cooper v. Ashland, 871 F.2d 104, 105 (9th Cir. 1989). Plaintiff filed this action more than two years after she was advised of the invalidation of the test results. Consequently, Plaintiff's Section 1983 claim is time barred and should be dismissed.

Plaintiff argues that the statute of limitations should run from April 25, 2005, the date she was notified of the City's final decision to reject her appeal and permanently invalidate the results of the Harbor Pilot examination. The United States Supreme Court has already rejected such an argument. "We already have held that the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods." Delaware State College v. Ricks, 449 U.S. 250, 261 (1980).

Plaintiff also argues because she alleged an official policy or practice, the continuing tort

theory is applicable to her Section 1983 claim. Once again, the United States Supreme Court has specifically addressed this issue and held that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002). The Court identified termination, failure to promote, denial of transfer or refusal to hire as discrete acts which "constitute a separate actionable 'unlawful employment practice.'" Id. The Court then acknowledged that hostile environment claims, which by their very nature occur over a series of days, weeks or months, are viable when an act contributing to the claim falls within the applicable filing period. Id. at 116-7. Here, Plaintiff bases her Section 1983 claim on the City's decision to invalidate the Harbor Pilot examination results. This is a discrete act which occurred on October 29, 2004, more than 2 years before Plaintiff filed this action. Plaintiff's characterization of her claim as the result of a "policy or practice" does not convert this discrete act into a continuing tort for the purposes of the statute of limitations. Chernosky v. Henderson, 330 F.3d 1243, 1247 (9th Cir. 2003).

The court finds that Plaintiff failed to file her Section 1983 claim within the applicable two-year limitations period. Plaintiff's Fourth Claim for Relief should be dismissed.

## Conclusion

The City's motion to dismiss the Bureau and Plaintiff's equal protection claim should be GRANTED and Plaintiff should be directed to amend her complaint to eliminate any reference to

/ / / / /

/ / / / /

/ / / / /

the Bureau as a defendant, including removing the Bureau from the caption. The City's motion to dismiss Plaintiff's Title VII and sexual harassment-hostile environment claims should be DENIED.

### Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than **May 30, 2007**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 14th day of May, 2007.

    /s/ Donald D. Ashmanskas
    DONALD C. ASHMANSKAS
    United States Magistrate Judge